Ready for the last case of the morning. It is Harris v. Mahr, 20-1002. Council for Appellant, would you please make your appearance and proceed? Good morning, your honors. My name is Michelle Horn and I represent the Appellant, Sgt. Mahr. The district court here erred in denying Sgt. Mahr qualified immunity. Plaintiffs have not carried their heavy two-part burden of showing both a constitutional violation and that the law was clearly established at the time of the incident. Failure to establish either of these two prongs is fatal to plaintiffs' cause of action. According to the allegations and the complaints, after Mr. Harris was not to enter his home until a warrant had been secured. They nonetheless entered after there was some internal confusion among them whether or not they were being asked to search the home. There is no allegation in the complaint that Sgt. Mahr was present during the discussions among the Aurora officers, that he knew about the confusion among the Aurora officers, that he knew they had entered the home against his instructions, or that the Aurora officers ever told him they were going to enter the residence. Plaintiffs characterized Sgt. Mahr's constitutional violation as the failure to clarify to the Aurora team that no warrant had issued. The allegations against each of the Denver officers in the complaint were practically identical. However, in denying qualified immunity to the other officers, but denying it to Sgt. Mahr, the district court focused on the allegation that he allowed the officers to enter. This statement, however, is completely devoid of further factual enhancement in the complaint. There's no factual allegations exactly how he allowed the officers to enter. I mean, what more could they have said? He was on the scene, there was confusion, they started to enter, and he allowed it to happen. He didn't do anything. Your Honor, I propose that the term allowing the officers to enter is exactly the same in this context, as if it were alleged that he failed to intervene. There is no factual support to how the allowance of the allowing happened. They could have argued that, yes, he was there, he heard the Aurora officers, had any of this been true, that he heard the Aurora officers, he knew there was confusion, but he didn't act, knowing there was confusion, he didn't act to clarify the confusion. That would have been an entirely different allegation. What is here, there's no allegations that he knew about the discussions among the Aurora officers, or that they were intended to enter, or that they in fact had entered. There's simply nothing alleging Sgt. Mahr's involvement in the entire transaction past the allegation that he told the Aurora officers not to enter. What do you have as far as context from the complaint, as far as where he was on the premises? I mean, it says he was on the scene, but that could arguably be anywhere. I agree, Your Honor, there's nothing in the complaint saying he was anywhere close. It was on the scene. That in the presupposing the search was indeed illegal, and we're not, as I said in my opening brief, this court does not, this panel does not have to decide whether or not the underlying search was illegal or illegal. The plaintiffs have failed to establish the elements of a failure to intervene claim, and although the failure to intervene claim arose in the excessive force context, if it is adjusted to an illegal search context, they would have to show that Sgt. Mahr witnessed or knew of an instance of an illegal search, and had a realistic opportunity to intervene in the illegal search. Do you accept the premise that the failure to intervene rubric applies in the Fourth Amendment search and seizure context, as opposed to just in the excessive force context? Your Honor, I believe there are significant problems with applying the test that grew up in the Fourth Amendment excessive force analysis to the illegal search analysis, because there are simply nuances in the search context that are not present in the excessive force context. It is not as obvious that an officer is engaging in an illegal search as it would be, for instance, if an officer was beating a suspect that was handcuffed and on the ground, and obviously submissive. That's obviously an example of excessive force, but if you have, if you drive up to a scene and see an officer going into a home, it is not obvious whether or not that officer, first of all, has a warrant, or if there's an applicable exception to the Fourth Amendment that would allow that officer to enter without a warrant. It is simply different in the degree of the obviousness of the constitutional violation that makes the test for excessive force and failure to intervene difficult to apply in a illegal search context. I'm sorry, go ahead. Go ahead, Judge. Are you aware of any duty to intervene to a search in the search-and-seizure context? Your Honor, I am not personally aware of any. Okay. And so I take it your premises, you, I take it from your argument that you don't believe that Vondrick, the general language about failure to intervene in Vondrick, clearly established the law as it relates to the applicability of that failure to intervene rubric for purposes of search-and-seizure. Correct, Your Honor. I agree that the broadly written language does encompass this, the facts of this case. However, for clearly established purposes, you have to have the broad language, you have to have particularity of facts, and the fact that Vondrick itself was a handcuffing excessive force case makes it clearly, it's not particularized to this case at all. Not only does it deal with a different Fourth Amendment violation. It does, and I need to stop you because I want to make sure I understood what you said. Are you saying that you do accept the premise that Vondrick apply, would, applies failure to intervene in the Fourth Amendment search-and-seizure context? No, Your Honor, I do not because it is not particularized enough to the in the illegal search context that just simply are not present for, in the excessive force context. Okay, I just wanted to be clear. Okay, so that you're not accepting that premise. There are two cases that were cited, unpublished cases, by the appellant. I take it you do not believe those clearly established the law on this issue that that failure to intervene applies in the search-and- The first basic premise is that unpublished cases, as court has held several times, unpublished cases cannot clearly establish the law. And second of all, both of those cases are distinguishable. One of the cases, the court did not find a failure to intervene at all. They found because there was no underlying constitutional violation that it could not be a failure to intervene. The second of all, it was an illegal seizure in all the horse cases. The facts in that most cases are simply too distinguishable from the facts in this cases to apply the failure to intervene law to an illegal search context. Your Honor, there was no allegations in the complaint that Sergeant Maher, first of all, witnessed or knew about the illegal search conducted by the Aurora officers. As I said before, there's no allegations that he was there, they'd overheard it, that he was informed of it, simply as no allegations whatsoever that he knew about the constitutional violation. Second of all, being that there's no allegations that he was there or knew about it, there could not be any realistic obligation that he had a realistic opportunity to intervene to stop the illegal search. If he's not there, if he doesn't know about it, if they didn't tell him about it, they simply cannot be a reasonable opportunity for him to intervene in the illegal search by the Aurora officers. So I don't want to beat the horse too much, but they say that in their complaint they allege that he was on the scene and that he didn't prevent them, didn't intervene, or didn't clarify his order to keep them from What more did they have to do in your mind? I think this case has just so many errors, I don't know that it could be cured. I don't think that the failure to intervene test as it exists now in the 10th Circuit is workable for an illegal search. That's my first argument. Second of all, there has to be some connection between Sergeant Maher and the alleged constitutional violation. What if they said that Sergeant Maher was on the scene standing by the door? Your Honor, if he's standing by the door and he tells them not to enter, he is intervening to stop the search. Whether he's successful or not, that's something else, but that is an intervening intervention, even if he is by the door. Okay, then they leave. So, I mean, the facts of this case are that he told them, don't go in there, we're getting a warrant, right? And then they sort of disappear. The Aurora PD officers disappear, and then they come back acting all confused. And so he put that intervening fact in there, and they came back all confused, and he noticed that, and he was standing by the door, and he didn't stop them from going in. Your Honor, I think then you get a closer case. I'm not saying that that is a failure to intervene, because again, you have my primary argument, this does cleanly apply to searches, but then you get a closer case. But those are facts not in the complaint as we have them right now. And unless there are further questions right now, I'd like to save my remaining time for rebuttal. That's fine, counsel. May it please the court. Helen Oh, on behalf of plaintiffs of Helize, Marquise Harris, Artesia Cabral, and their minor child, N.C. First, plaintiffs plausibly allege that defendant Marr failed to intervene. Defendants here are trying to impose a heightened standard, and this court knows that heightened pleading is not required in 1983 actions. And moreover, the allegations here asking for a heightened standard, or are they asking for facts that are alleged that would fit the bill? The facts here as we have them do fit the bill, in our opinion. And so what? Well, okay, what we've got is that he told them not to enter. We don't know where he was. We don't know how big the scene was. We know there was an upstairs, at least. We don't know if he was upstairs or if he was out on the at a squad car. Oh, what? What heightened standard is there other than facts? So here the facts demonstrate and the facts allege that Sergeant Marr was on scene outside plaintiff's apartment. What does that mean? On scene? He was at the top of the stairs. He was guarding the door. He was down at the bottom of the stairs, prohibiting people from coming up. What does that mean? It's it isn't specified what that means exactly. But this court in Casey versus City Federal Heights in Fogarty versus Gallegos in and in Bond rack versus city of Las Cruces has have repeatedly looked to allegations that state that the defendant was alleged to have been on scene that they were present. Those cases that you're citing were all decided prior to Twombly be a fall, weren't they? Yes, those were in 22,008. And they were all summary judgment cases, right? Yes, they were summary. That's a big. That's a distinction with the difference. I mean, you're talking about a complaint and and to that point, isn't the interpretation of a complaint a legal question? Yes, it is. Okay, well, then we do that de novo, which means that, however, the district court chose to interpret paragraph 53. We're not bound by that, right? Right. Okay, then. Well, the this ambiguous word allow could mean anything. And and to go back to Judge Carson's question earlier, what facts could have been there that aren't there. If you look at your read versus Wren, you have the individuals who are held responsible. They were right there. They heard it happen, and they didn't intervene. You don't have facts here that says he was right at the door at that moment. He could have stopped them, and he didn't do it. All you have is allowed. And so what? What does that get you? So what we have here in paragraph 18, we allege that Sergeant Maher was on scene that he had just received on scene, actually outside plaintiff's just received word from DPD Sergeant Engelbert that there was no there were obtaining a search warrant and that Denver Sergeant Maher then told the APD officers not to enter the apartment until search warrant could be obtained when these allegations are taken as a whole. So subsequently, in paragraphs 22 and 23, we also see there that despite the fact that several DPD officers were on the scene, there was confusion among the APD officers on the scene. Um, after that, there are allegations that the APD officers knocked on the door. They walked up and down the stairs, verbalizing. But it doesn't say that Sergeant Maher was there. In fact, the only affirmative act you have of Sergeant Maher was one where he says, Don't do it. I mean, and beyond that, it's it says allowed. In fact, why isn't this case more like the unpublished case Anderson that you cite in which the officers actually turned around? I mean, ran around to try to stop the office them from from entering the house. Well, he said, Don't enter. Why? Why? And the result there was a grant of qualified immunity. Why shouldn't that be the same outcome here? The case in Anderson is is distinguishable there. The duty cited it. Yes. Okay. Sergeant Maher here. What happened is that Sergeant Maher was preemptively giving an instruction to the APD officers not to enter because the search warrant was being obtained. The duty to intervene arises. It's implicated once the officer has knowledge that a constitutional violation has occurred or is about to occur. And so during these moments, there are several allegations in here that detail that Sergeant Maher was just on scene that he had just given that instruction to the APD officers also on scene and that those officers then subsequently expressed confusion that they're walking up and down the stairs. Is there any allegation that Sergeant Maher was aware of this confusion that he was anywhere near those stairs that he had any knowledge of any of them? Um, not exactly. The allegation would be that he was on scene and you take it in the light most favorably to plaintiffs. Plaintiffs need to allege that the claim is plausible. And here we have a lot of different allegations here. And again, if I know that these failure to intervene cases are are pre equal. But in those cases, this court analyzed failure to intervene, and the analysis was very straightforward. The court looked to the defendant's proximity at the time of the violation. Um, whether they I mean, what is that here, though? So we're gonna take you as true. We're gonna look to his proximity. I mean, all we have is he was on the scene, which could mean he was down at the curb. It could mean he was in the back. We don't know where he was. We also have here that defendant that Denver Police Department officers were in charge of the operation. One of the factors that the court sometimes looks to is the level of authority the officer has over the other officers. And clearly here we have that Denver Sergeant Sergeant Maher gave the direction to the officers not to enter. This was a similar fact that the court looked at in Casey with the officer on scene. He had knowledge of the circumstances. They were conducting surveillance over the plaintiff's house, and so they had known that no oxygen circumstances were present, that no warrant had been issued on that. No consent was given. And so taken as a whole, these allegations demonstrate that Sergeant Maher, um, was on scene, that he had knowledge of the constitutional violation and that he had. Where do you get the knowledge from? There has to be realistic opportunity to intervene and knowledge of and knowledge of. There's no allegation that he was at the steps. There's no allegation. He was aware of the confusion. There's no allegation that he was at the door and said and could have stopped them. There was none of that. All you have is at the scene and, you know, and and the one's looking at the district court opinion gross, Trujillo and black. They were granted summary judgment, and you have the exact same situation with them. They were at the scene. And so which shows you at least the district court would may have been internally inconsistent and deciding how to give summary judgment. I mean, not summary judgment. I'm sorry. Dismissal on the complaint. What would he have that will establish knowledge that this was about to happen? Therefore, realistic opportunity to intervene. What's the best you got? Um, it's really all these allegations between, uh, in paragraphs between 15 to 31. Um, well, 15. Well, I think, uh, 53 is it seems like it's the best you got. And the one that were district court relied on allowed and allowed is pretty ambiguous. This court actually in Fogarty versus Gallegos looked to a very similar allegation that, um, an officer who failed to intervene stood by as he watched the force being used and that all the defendant officers had used or permitted that force. And that was that's a little I mean, that's a little different. He stood by and watched. I mean, that indicates that he awareness that you don't. And you don't have that here here. The court. The allegations don't have to explicitly state what exactly the opportunities were or the knowledge this court may infer make reasonable inferences based on the allegations that there was knowledge and opportunities to intervene here. Defendant Sergeant Mar was in direct communication with another Denver sergeant in charge of the operation that no search warrant had been obtained. And so, um, she had upon that he told him, Don't go in. Right. Okay. And you accept the premise. I take it from Paul's versus Thomas, for example, that this has to be individual supervisory liability, right? There's no collective liability here. It has to be him individually in a position to do something. Right. Okay. Well, the fact that that DPD was aware of the confusion, the fact that you know that there was confusion, the fact that somebody violated his constitutional rights does nothing as it relates to Sergeant Mar unless you can tag him with something. And and and so if you say collectively all those paragraphs do it, then all I would say is give me the best language out of one or two paragraphs that I can hang a hook on. And if all you got is allowed, then that's a problem. This court can look to the totality of the allegations and based on that make reasonable inferences. And so when Sergeant Mar was alleged to have been on scene outside plaintiff's apartment that he then gave an instruction to APD officers also on scene not to go in that those same APD officers on scene then shortly thereafter expressed confusion, went up and down. To whom did they express confusion? Vocally aloud, out loud to one another. Well, that doesn't express it to Sergeant Mar, does it? It doesn't. But the reasonable inference is that Sergeant Mar was still on scene. Wasn't it the Aurora officers who were expressing confusion at the top of the stairs? I'm sorry, what was that? Wasn't it the Aurora officers expressing confusion at the top of the stairs? Yes. Yes, it was. And and they walked back down the stairs and still. Right. And in allegation 53, we have that, you know, despite Sergeant Mar telling the plaintiff, telling the defendant, the Aurora defendants to hold off, he nonetheless did allow them to enter. We've been focusing on the constitutional violation. Let me focus on clearly established law for a second. As best I can discern, all all you have, and tell me if I'm wrong, is the general statement from Von Drake, and then these two unpublished decisions, one of which you tried to distinguish from this case. Why does that give you clearly established law under our precedent for this search and seizure context as it relates to the failure to intervene rubric? I mean, why is it clearly established that the failure to intervene rubric applies at all? And then why? And if it does apply, why are the facts close enough to this case that you can make it work? You're absolutely right that there isn't precedent that includes a failure to intervene claim specifically in the context of an unlawful entry in search. However, general constitutional rules can apply with obvious clarity, even in novel factual circumstances. And in a case like failure to intervene, a broad construction of that, that it applies to any constitutional violation, it makes sense. It's really the only way it comports with the fundamental purpose of failure to intervene claims. And so what we have here, when the underlying excessive force was clearly established, and that whether the defendant then met the two elements of failing to intervene. Well, I'm asking, well, I mean, the question is whether it is clearly established. And if you if let's assume for the moment that the rubric does apply, and that's that could be an open question itself. But let's assume failure to intervene as a doctrine applies in this search and seizure context, then the question becomes whether there's a case that's close enough that fits it. And if I understood your brief, what you're saying is we don't need a closed case, because this was an obvious violation of the law. Is that what you're saying? Yes, it's an obvious violation. And we're overlooking at qualified immunity jurisprudence. The Supreme Court has reiterated that specificity in previous case law is especially important in excessive force cases, particularly because those cases involve split second decision making 10 circumstances that are rapidly evolving, sometimes danger. And here, what we have is is none of that. And in fact, it's arguable that these unlawful search claims provide less subjectivity and clear rules because there are very clear delineated exceptions to the war, the warrant requirement. And so if you think when you think that again, assuming this doctrine applies here, wouldn't you think that that Sergeant Maher would need some clay case at least has roughly analogous facts so that he would know that after he told them not to go in, that there could be anything he could do that would subject him to liability. I mean, he's not supposed to tackle them. And so what what what what would he know based upon general principles that he violated the law? Right. The second, the Seventh Circuit has restated this broad principle that any person given the badge of authority can't ignore the duty imposed by his office to fail to stop other officers from punishing a third person in their presence. And any reasonable officer would know this. This not only does Von Drack clearly established that this applies to any constitutional violation, but when the underlying violation itself, the unlawful entry in search, when the circumstances are clear that that violated the Constitution on that defendant mark, um, both had knowledge of the constitutional violation and opportunities to intervene. Um, that suffices as providing clear notice that Sergeant Maher knew that his conduct would be unconstitutional. Okay, you're out of time. Thank you, Counsel, for your argument. I think there's a little bit of rebuttal. Yeah, quite a bit of rebuttal left time. So please proceed. Thank you, Your Honor. Miss O mentioned several times the court's holding in Fogarty versus Gallegos, which was a failure to intervene in an excessive force case. In that case, the court, even though that was created by the court, and it was a summary judge of motions, it's a little different. Um, the court examined the conduct of several officers. Of particular interest for this case is their handling of the allegations against the Sergeant Keith. Sergeant Keith was a sergeant. He was a supervisory officer. He was on the scene, but the court failed to find that he failed to intervene because he had no, there was no affirmative link between his being on the scene and the I believe that is the exact thing we're dealing with here. It's alleged that Sergeant Marr was a sergeant. He was a supervisor. He was on the scene, but there's no affirmative link between him and the actual constitutional violation other than his words to the officers not to enter. And unless there are additional arguments, excuse me, questions from the panel, I am going to end my argument here. Thank you. Giving up time is always a good thing. Uh, thank you, counsel. Uh, cases submitted.